# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATIONWIDE AGRIBUSINESS INSURANCE COMPANY
as subrogee of UTICA ENERGY, L.L.C.,
f/k/a Algoma Ethanol, L.L.C.,

    Plaintiffs,

    v.                              Case No. 04-C-673

TWEET/GAROT MECHANICAL, INC.,

    Defendant.

## DECISION AND ORDER

The plaintiff, Nationwide Agribusiness Insurance Company, an Iowa corporation, filed this action on July 12, 2004, alleging breach of contract, breach of warranties and negligence against the defendant, Tweet/Garot Mechanical Inc., a Wisconsin corporation. The plaintiff brings its complaint as the subrogee of Utica Energy, LLC (Utica). Utica is a Wisconsin corporation which owned and operated an ethanol plant in Oshkosh, Wisconsin.

The complaint alleges that the plaintiff's insured, Utica, entered into a contract with Agra Industries to build a state-of-the art ethanol plant, and Agra Industries subcontracted with the defendant for purposes of building fermentation tanks at the plant. A fermentation tank imploded resulting in losses to Utica. The plaintiff alleges that it paid Utica pursuant to the terms of its policy of insurance and is subrogated to the rights of its insured to the extent of those payments. The plaintiff further asserts in its complaint that Utica assigned to the plaintiff its right of recovery for its deductible. The plaintiff filed this case in federal court based upon diversity jurisdiction.

The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.). Venue is proper in this district under 28 U.S.C. § 1391.

The defendant has filed a motion to dismiss the complaint pursuant to 28 U.S.C. §§ 1332, 1359 and Fed. R. Civ. P. 17(a) for alleged lack of diversity jurisdiction. The defendant contends that Utica is a real party in interest because it stands to be reimbursed for its deductible. The defendant also questions the assignment to the plaintiff of Utica's right to recover the deductible, noting that the complaint does not indicate that the plaintiff provided consideration for the assignment. Therefore, the defendant contends that Utica should be a party to this action. The defendant further asserts that because Utica is a necessary party, there is no diversity jurisdiction since Utica and the defendant are both Wisconsin corporations. Thus, the defendant maintains that the case should be dismissed for lack of diversity jurisdiction.

The plaintiff opposes the defendant's motion, stating that the motion is actually in the nature of a motion for joinder of plaintiff's insured so that diversity would be destroyed and dismissal would be required. The plaintiff argues that in a Receipt for Payment and Subrogation Assignment (Receipt/Assignment), Utica assigned to the plaintiff "all rights of recovery against any party causing such loss to the extent of payment made, plus deductible applied, hereunder." (Plaintiff's Response to Defendant's Motion to Dismiss [Plaintiff's Response], Exhibit A ). Based upon this language and citing United States v. Aetna Casualty & Surety Co., 338 U.S. 366 (1949), the plaintiff contends that its subrogation interest in this

- 2 -

litigation includes the entire loss and Utica no longer holds any interest which could be pursued against the defendant in a court of law.

The plaintiff also asserts that there was consideration for the assignment of Utica's right to recover the deductible, pointing out that the Receipt/Assignment states on its face that the assignment is made in consideration of plaintiff's payments to Utica. According to the plaintiff, its payment of the costs of litigation serves as additional consideration. The plaintiff asserts that because the assignment is between Utica and the plaintiff, they are the only parties with standing to raise the issue of lack of consideration.

The plaintiff further argues that even if Utica had not assigned its entire interest in this matter to the plaintiff, it need not be added to this action for two reasons: (1) Utica would be a real party in interest, but not a necessary and indispensable party; and (2) a ratification agreement filed pursuant to Fed. R. Civ. P. 17(a) will overcome a motion brought by the defendant to add a party plaintiff. The plaintiff attaches a Ratification Agreement executed by Utica ratifying the action proceeding in the name of the plaintiff, agreeing to be bound by the results of the action, and waiving any right to file a direct action arising out of the events that gave rise to this case. (Plaintiff's Response, Exhibit B). With this ratification, the plaintiff maintains that the defendant cannot have any real fear of multiple actions arising out of the implosion and, thus, there would be no need to join Utica as a plaintiff.

In reply, the defendant contends that the plaintiff's reliance on United States v. Aetna Casualty & Surety Co., 338 U.S. 366 (1949) is misplaced. The defendant argues that although Aetna does give a subrogated insurer the right to bring an action in its own name, this applies only to the loss for which it paid the insured. The defendant asserts that if the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in

- 3 -

its own name. However, if the insurer has paid only part of the loss, both the insured and insurer have substantive rights which qualify them as real parties in interest. The defendant points out that the plaintiff stated in responses to interrogatories that it paid $244,055.05 for the insured losses, but paid zero for the insured's uninsured losses. In addition, the defendant argues that the plaintiff answered that if it is fully successful in this litigation it will reimburse Utica for its deductible on a "net-of expenses basis". (Plaintiff's Response, Exhibit A, Plaintiff's Answers to Defendants' First Set of Interrogatories, No. 4).

The defendant further asserts that 28 U.S.C. § 1359 provides that "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." The defendant argues that the plaintiff's inclusion of Utica's deductible claim in this action, for which it paid nothing for the assignment of the claim and for which it agreed to pay Utica from any recovery it obtains, is improper or collusive within the meaning of 28 U.S.C. § 1359. The defendant maintains that the plaintiff and its insured have exchanged nothing of substance, and that the plaintiff is merely acting as an agent of its insured to collect its deductible. The defendant also dismisses the plaintiff's argument that the plaintiff's payment of the costs of litigation should count as consideration.

In addition, the defendant asserts that Utica is an indispensable party to this litigation and that the ratification agreement, which was signed more than a month after the motion to dismiss was filed in this case, does not confer diversity jurisdiction. The defendant further argues that Wisconsin law requires that both the insurer and the insured be joined in this action.

The plaintiff filed a supplemental response in opposition to defendant's motion to dismiss, outlining the specifics with respect to the subrogation assignment at issue. The plaintiff protests any inference that the assignment was made for the purpose of destroying diversity. The plaintiff states that Utica's insurance policy commenced on March 1, 2003, and that the policy contains a provision wherein the insured may be required to assign its rights if the insurer pays for a loss. This policy, the plaintiff contends, was issued nearly five months before the date of loss and 16 months prior to the filing of this action.

The plaintiff further points out that payment on the claim and execution of the Receipt/Assignment took place seven months before this suit was filed. The plaintiff asserts that the Receipt/Assignment, divested Utica of all rights of recovery against any party causing a loss to the extent of payment made plus deductible. The plaintiff maintains that it later obtained the ratification agreement from Utica in order to make it perfectly clear to the defendant that Utica would be bound by any judgment, verdict, recovery and/or settlement and that the defendant need not fear having to defend multiple proceedings.

## **ANALYSIS**

Section 1332(a)(1) of Title 28 United States Code provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between–

(1) Citizens of different States;

Diversity of citizenship is assessed at the time the complaint is filed. Krueger v. Cartwright, 996 F.2d 928, 931 (7th Cir. 1993). The party seeking to invoke the jurisdiction of a federal court has the burden of establishing that jurisdiction exists, and the burden may not

- 5 -

be shifted to the party challenging the jurisdiction. Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003).

The defendant brings this motion to dismiss under Fed. R. Civ. P. 17(a) which provides that "every action shall be prosecuted in the name of the real party in interest." The defendant claims that Utica is a real party in interest and must be joined. Joinder of Utica would destroy complete diversity and result in the dismissal of this action.

At the outset, the court notes that both parties cite to United States v. Aetna Casualty & Surety Company, 338 U.S. 366, 380-81(1949), which states the general rule that if an insurer has paid the entire claim of its insured, the insurer is the real party in interest under Fed. R. Civ. P. 17(a) and must sue in its own name. However, an insurer who pays only a part of the loss of its insured is only partially subrogated to the insured's rights. Id. In such an instance, both the insured and the insurer have substantive rights which qualify them as real parties in interest. Id. at 381.

Reliance on Aetna, however, does not resolve the issue before the court. It is undisputed that the plaintiff paid Utica $244,055.05 in insured losses and is clearly subrogated to that extent. However, the plaintiff did not pay the insured's deductible. Accordingly, the plaintiff is not subrogated in regard to the deductible. Rather, the claim for Utica's deductible was fully assigned to the plaintiff via the Receipt/Assignment.[1] Subrogation is an act of the law, depending not upon contract, but upon the principles of equity, while assignment is an act of the parties and depends generally on intention. Interstate Fire & Casualty Co. v. Milwaukee,

---

[1] The court notes that this document is entitled Receipt for Payment and Subrogation Assignment. This misnomer appears to have caused some of the confusion in this case regarding subrogation law and contractual assignment.

- 6 -

45 Wis. 2d 331, 335, 173 N.W.2d 187 (Wis. 1970). Thus, the issue regarding Utica's deductible is not one of subrogation, but one of contractual assignment.

In a diversity case, to determine whether a party is a real party in interest under Fed. R. Civ. P. 17(a), the court must look to state substantive law. American National Bank & Trust Co. of Chicago v. Weyerhaeuser Co., 692 F.2d 455, 459-460 (7th Cir. 1982). However, "the issues of joinder and whether or not the court should proceed in the absence of an interested party are matters of federal law." Krueger, 996 F.2d at 931. Federal Rule of Civil Procedure 19 addresses the joinder of persons needed for a just adjudication.

Accordingly, the defendant's motion to dismiss for failure to join Utica as a necessary and indispensable party is properly construed under Rule 19 and pursuant to Fed. R. Civ. P. 12(b)(7). See Davis Cos. v. Emerald Casino, Inc., 268 F.3d 477, 481 (7th Cir. 2001). When ruling on a motion to dismiss for lack of joinder of an indispensable party, the court may go outside the pleadings and look to extrinsic evidence. Id, at 480 (citations omitted). In addition, all reasonable inferences must be drawn in favor of the plaintiff. Id. at 483. The court will, therefore, consider the pleadings and additional documentation submitted by the parties.

The purpose of Fed. R. Civ. P. 19 is "to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." Moore v. Ashland Oil, Inc., 901 F.2d 1445, 1447 (7th Cir. 1990). Nevertheless, federal courts are reluctant to dismiss an action for failure to join a party where doing so deprives the plaintiff of his choice of a federal forum. Davis Cos., 268 F.3d at 481 (citing Pasco Int'l (London) Ltd. v. Stenograph Corp., 637 F.2d 496, 501 [7th Cir. 1980]).

- 7 -

Joinder under Rule 19 is a two-step inquiry. First, the court must determine whether a party is one that should be joined if feasible - previously referred to as a "necessary party." See Fed. R. Civ. P. 19; Davis Cos., 268 F.3d at 481 (citations omitted). Second, if the court concludes that a party should be included in the action but it cannot be, the court must decide whether the litigation can proceed in the party's absence. Id. If there is no way for the court to structure a judgment in the absence of the party that will protect that party's rights and the rights of the existing litigants, the unavailable party is considered "indispensable" and the case is subject to dismissal upon a proper motion under Fed. R. Civ. P. 12(b)(7). Davis Cos., 268 F.3d at 481. To determine whether Utica is a "necessary party", the court must consider: (1) whether complete relief can be accorded without joinder; (2) whether Utica's ability to protect its interest will be impaired; and (3) whether the existing parties will be subjected to a substantial risk of multiple or inconsistent obligations unless Utica is joined. Id.

Based on the Receipt/Assignment, it is clear that the plaintiff possesses the sole right to pursue these claims against the defendant. The assignment at issue is complete and total and Utica has agreed to be bound by the results of the action. In addition, Utica has waived any right to file a direct action. Under the Receipt/Assignment between the plaintiff and Utica, the plaintiff has full and exclusive control of the litigation. Accordingly, complete relief will be accorded the parties without inclusion of Utica as a party plaintiff.

With respect to the second consideration, Utica's ability to protect its interests is not impaired. Its interests are protected by the complete assignment of its claims to the plaintiff. The plaintiff is authorized to protect those interests on Utica's behalf. Moreover, there is no risk of multiple obligations because Utica completely and totally assigned its claims to the

- 8 -

Case 2:04-cv-00673-PJG    Filed 08/23/05    Page 8 of 12    Document 39

plaintiff and agreed to forego any future action against the defendant. Additionally, Utica has ratified this action, agreed to be bound by its results, and waived any right to file a direct action arising out of the events at issue. (Plaintiff's Response, Exhibit B).

Thus, this suit is the only action arising from the implosion that the defendant will be subjected to by the plaintiff and its insured. For all of these reasons, Utica is not a necessary party pursuant to Rule 19(a). Therefore, the factors articulated in Rule 19(b) will not be addressed.

The defendant also contends that the assignment entered into between Utica and the plaintiff was collusive in nature and was intended to create federal diversity jurisdiction. A federal district court may not exercise jurisdiction over any civil action in which any party has been improperly or collusively made or joined to invoke jurisdiction of the court by assignment or other means. 28 U.S.C. § 1359. This statute preserves the limited subject matter jurisdiction of the federal courts by "preventing the manufacture of [diversity] jurisdiction by the device of [an] assignment." Kramer v. Caribbean Mills, Inc., 394 U.S. 823, 826 (1969). Even if the assignment is perfectly legal under state law and is supported by adequate consideration, it may still be deemed collusive under § 1359 if the sole purpose of the assignment was to obtain a federal forum. Steele v. Hartford Fire Ins. Co., 788 F.2d 441, 444 (7th Cir. 1986). The court explained: "If otherwise valid, the assignment will not run afoul of the statute merely because its effect is to confer federal jurisdiction." Id.

The question of whether an assignment is collusive and motivated by the assignor's desire to obtain access to a federal court under diversity jurisdiction is one of fact. Herzog Contracting Corp. v. McGowen Corp., 976 F.2d 1062, 1066 (7th Cir. 1992), citing, Hartford Accident & Indemnity Co. v. Sullivan, 846 F.2d 377, 382 (7th Cir. 1988). In evaluating the

- 9 -

legitimacy of the assignment of claims, federal courts facing this issue have considered a number of factors. Among them are whether there were good business reasons for the assignment; whether the assignee had any previous connection with the claim assigned; whether the assignment was timed to coincide with the commencement of litigation; whether the assignee will remit any recovery to the assignor; whether the assignor will actually control the conduct of the litigation; whether there was meaningful consideration for the assignment; whether the assignment was partial or complete; and the underlying purpose of the assignment. See Attorneys Trust v. Videotape Computer Prods., 93 F.3d 593, 595-596 (9th Cir. 1996); Deajess Med. Imaging, P.C. v. Geico Gen. Ins. Co., 2004 U.S. Dist. LEXIS 13164 (S.D.N.Y. 2004).

In this case, there is no indication that the assignment is invalid. The information before the court shows that the assignment was not given solely to manufacture diversity jurisdiction. The assignee's previous connection with the claim is clearly based upon its issuance of an insurance policy to the insured. The assignment at issue is complete and total and Utica has agreed to be bound by the results of the action and has waived any right to file a direct action against the defendant. Under the assignment, the plaintiff has full and exclusive control of the litigation.

Moreover, the assignment was made pursuant to the insurance policy which contained a provision stating that the insured may be required to assign its rights if the insurer pays for a loss. This policy was issued nearly five months before the date of loss and 16 months prior to the filing of this case. In addition, payment on the claim and execution of the assignment took place seven months before this suit was filed. Accordingly the court finds the assignment in this case was not collusive.

- 10 -

Case 2:04-cv-00673-PJG   Filed 08/23/05   Page 10 of 12   Document 39

The only remaining issue raised by the defendant is whether there was meaningful consideration for the assignment. Here, the plaintiff has agreed to pay the costs of litigation. In exchange, Utica has agreed to assist with non-pecuniary help in the form of "documentation, testimony, and cooperation" as necessary in order for the plaintiff to pursue recovery. (Plaintiff's Response, Exhibit A, Receipt/Assignment). In Wisconsin, mutual promises for future performances of acts by the parties may be consideration if each of the promises is capable of being performed, are given in exchange for each other, and are mutually binding upon the parties. Stack v. Roth Bros. Co., 162 Wis. 281, 287-288, 156 N.W. 148 (1916). Thus, there was sufficient consideration for the assignment in this case.

Furthermore, Utica has ratified the action brought by the plaintiff, thereby ensuring that Utica will be bound by any decision in this case. Therefore, the defendant would not be prejudiced by the failure to join Utica as a party. Accordingly, Utica need not be joined as a party and only the plaintiff's citizenship need be considered for purposes of determining if there is complete diversity of citizenship.

In light of the foregoing, the court concludes that it has jurisdiction over this action. Therefore the defendant's motion to dismiss the complaint will be denied. The court will conduct a telephone scheduling conference with the parties to discuss further proceedings in this case. The conference will be held on Wednesday, September 7, 2005, at 3:00 p.m. The court will initiate the conference call.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to dismiss the complaint pursuant to 28 U.S.C. §§ 1332, 1359 and Federal Rules of Civil Procedure 17(a) for lack of diversity jurisdiction (Docket # 21) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that a telephone scheduling conference will be held on **September 7, 2005 at 3:00 p.m.** The court will initiate the conference call.

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2005.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge